**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IFEOMA DELLIANE CHINEDU OBI, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 25 C 3096 |
| | ) | |
| COOK COUNTY, ILLINOIS; MICHAEL | ) | Chief Judge Virginia M. Kendall |
| IAN BENDER; CAESAR & BENDER, LLP; | ) | |
| LEVING LAW GROUP; ERIC HARTIG; | ) | |
| LESLIE POOLE; COOK COUNTY COURT | ) | |
| – CIRCUIT COURT 2; JUDGE MATTHEW | ) | |
| LINKS; JUDGE ZELLER, and | ) | |
| ASSOCIATED PARTIES | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**CORRECTED OPINION AND ORDER**

The Court dismissed Plaintiff Ifeoma Delliane Chinedu Obi's complaint and entered judgment against her on November 18, 2025. (Dkts. 88-89). Twelve days later she filed a motion to alter or amend the judgment under Rule 59(e). (Dkt. 90). The Court strikes Plaintiff's motion for violating Local Rule 7.1 and sanctions her $5,000 for violating Rule 11.

Plaintiff's motion is 10.5 pages single-spaced and her core argument runs six straight pages in a single paragraph. (Dkt. 90 at 2-8). 10.5 single-spaced pages is 21 pages double-spaced. Plaintiff's reply briefs are 23 pages single-spaced (46 pages double-spaced) and 13 pages single-spaced (26 pages double-spaced). (Dkts. 94-95). Plaintiff never sought leave to file such voluminous papers. The lack of table of contents is also problematic because, as discussed below, many of Plaintiff's citations are fictious. Plaintiff violated Local Rule 7.1. "Neither a motion nor brief in support . . . shall exceed 15 pages without prior approval of the court." L.R. 7.1. Any brief that exceeds 15 pages "must have a table of contents with the pages noted and a table of cases."

1

*Id.* "Any brief . . . that does not comply with this rule shall be . . . subject to being stricken by the court." *Id.* The Court "strictly enforce[s]" this rule. (*See* Chamber's Court Procedures, Memoranda of Law) (https://www.ilnd.uscourts.gov/judge_display.php?LastName=Kendall). The Court therefore strikes Plaintiff's motion and replies. L.R. 7.1; *Nance v. United States*, 2023 WL 5211606, at \*9 (N.D. Ill. Aug. 14, 2023) ("the Court strikes [Plaintiff's] second memorandum of law . . . because it exceeds the page limit under Local Rule 7.1"); *O'Brien v. United States*, 2023 WL 8451801, at \*1 n.2 (N.D. Ill. Dec. 6, 2023) (striking excess pages from oversized brief); *Arkeyo, LLC v. Saggezza, Inc.*, 2021 WL 2254959, at \*2 (N.D. Ill. June 3, 2021) (granting request under L.R. 7.1 and considering the brief only up to page fifteen).

Normally the Court, recognizing Plaintiff's *pro se* status, would offer leeway and consider Plaintiff's briefs despite violating Local Rule 7.1. Plaintiff's egregious, repeated, and ongoing Rule 11 violations, however, foreclose any such possibility. Plaintiff generated each brief using AI. Plaintiff's motion is riddled with AI hallucinations, made up cases, quotes, and statements of law and fact. (Dkt. 90); (*see also* Dkt. 92-1) (identifying 13 hallucinated cases, quotes, and statements of law). For example, Plaintiff quotes *Marshall v. Marshall*, 547 U.S. 293 (2006) for the rule that "Federal courts may exercise jurisdiction even when the case touches upon matters traditionally reserved to state law, where federal rights are at issue." (Dkt. 90 at 3). That quoted language is not in *Marshall*. Plaintiff cites *Andrade v. Arby Concessions*, 88 F.4th 1014, 1018 (7th Cir. 2023) to dispute the Court's Order dismissing her complaint. (Dkt. 90 at 6). "*Andrade*" is not a real case. Plaintiff's reliance on AI hallucinations is not limited to made up cases either. Plaintiff conjures up new language from this Court's prior orders as well. Plaintiff asserts that "Page 7 [of the Court's November 18, 2025, Order] explicitly references that 'a federal court may hear a claim alleging a state court judgment is void for lack of jurisdiction,' which is precisely the central and repeated

2

allegation raised by Plaintiff." (Dkt. 90 at 6). That language is not in the Court's Order. (*See* Dkt. 88). Plaintiff's motion is so replete with fabricated law, quotes, and statements that there is virtually no cogent argument actually supported by real law. (Dkt. 90 at 3-7) (core argument predicated on fabrication); (*see also* Dkt. 92-1) (charting Plaintiff's Rule 11 violations). This is not the first time Plaintiff has done this. In a prior filing, Plaintiff's brief contained at least 17 instances of fake cases, quotes, and statements of law and fact from AI hallucinations. (*Compare* Dkt. 78 *with* Dkt. 86-1 at 1-3). The Court then gave Plaintiff grace—Plaintiff has exhausted that leniency.

Plaintiff's replies suffer from similar Rule 11 violations. In one reply, Plaintiff quoted *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) as stating that "Sanctions under Rule 11 are unavailable unless served before the case is disposed of." That quoted language is not in *Ridder.* (Dkt. 94 at 11). In the other reply, Plaintiff asserted that the "Court dismissed claims it never reviewed" and that "[t]he operative complaint in this matter is Docket #14 Plaintiff's Amended Complaint, which properly superseded all prior pleadings." (Dkt. 95 at 2). This is false. The operative complaint is Docket 46. The Court—extending significant leeway to Plaintiff on account of her *pro se* status—also accepted Plaintiff's "Supplemental Complaint" (Dkt. 50) along with her operative complaint (Dkt. 46). (*See* Dkt. 88 at 10) (considering and dismissing both Dkts. 46 and 50).

The severity of Plaintiff's Rule 11 ongoing and repeated violations warrants sanctions. "*Pro se* status does not shelter plaintiffs from sanctions pursuant to Rule 11." *Helen Allen v. Cass Casper & Disparti Law Group*, 2026 WL 674309, at *9 (N.D. Ill. Mar. 10, 2026) (quoting *Eberhardt v. Vill. of Tinley Park*, 2022 WL 22896754, at *2 (N.D. Ill. Aug. 18, 2022)); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). "When a self-represented party

3

files a document in federal court, that party is certifying to the court that the legal contentions contained in it 'are warranted by existing law.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)). "'Carelessness, good faith, or ignorance are not an excuse for submitting materials that do not comply with Rule 11.'" *Id.* (quoting *Attaway v. Illinois Dep't of Corr.*, 2025 WL 1101398, at \*2 (S.D. Ill. Apr. 14, 2025)). Plaintiff "must ensure that the case citations and representations she presents to the court are accurate and are supported by valid precedent; the fact that she is representing herself does not relieve her of that duty." *Id.*

"Filing a document that contains citations to nonexistent cases, quotes language that comes from no real case, or that contains arguments wholly unsupported by the record violates Rule 11." *Id.* at \*10. Plaintiff did just that repeatedly. "This demonstrates that [Plaintiff] failed to make a reasonable inquiry into the supporting law or facts. This wastes both the parties' and the Court's time attempting to locate nonexistent cases and unpack made up factual assertions." *Id.* The Court sanctions Plaintiff $5,000 for filing false cases, quotes, and statements of law and fact to the Court in violation of Rule 11. *Id.* (sanctioning plaintiff $1,500 for filing at least two false cases and statements of law); *Seth Cameron Virgil v. Experian Information Solutions Inc, et al.*, 2026 WL 401066, at \*5 (S.D. Ind. Feb. 12, 2026) (recommending $10,000 sanction for submitting a brief with hallucinated cases); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, 2025 WL 1511211 (S.D. Ind. May 28, 2025) (imposing $6,000 sanctions for briefs containing hallucinated citations); *Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, 2025 WL 2502308 (S.D. Ind. Sept. 2, 2025) (recommending $7,500 sanction for a brief containing hallucinated citations).

**CONCLUSION**

The Court strikes Plaintiff's motion to alter or amend the judgment. (Dkt. 90). Plaintiff is hereby ordered to pay $5,000 to the Clerk of the Court within two weeks of the date of this Order for violating Rule 11 of the Federal Rules of Civil Procedure.

Virginia M. Kendall
United States District Judge

Date: April 9, 2026

5