## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IFEOMA DELLIANE CHINEDU OBI, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 25 C 3096 |
| | ) | |
| COOK COUNTY, ILLINOIS; MICHAEL | ) | Chief Judge Virginia M. Kendall |
| IAN BENDER; CAESAR & BENDER, LLP; | ) | |
| LEVING LAW GROUP; ERIC HARTIG; | ) | |
| LESLIE POOLE; COOK COUNTY COURT | ) | |
| – CIRCUIT COURT 2; JUDGE MATTHEW | ) | |
| LINKS; JUDGE ZELLER, and | ) | |
| ASSOCIATED PARTIES | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### OPINION AND ORDER

Plaintiff Ifeoma Delliane Chinedu Obi filed a notice of appeal regarding the Court's November 18, 2025, Order dismissing Obi's complaint without prejudice (Dkt. 88) ("MTD Order"); the Court's entry of judgment (Dkt. 89); and the Court's April 9, 2026, Order striking Obi's motion to alter or amend the judgment under Rule 59(e) for violating Local Rule 7.1 and sanctioning Obi $5,000 for violating Rule 11 (Dkt. 97) ("Sanctions Order"). (Dkt. 100). Obi now seeks leave to proceed on appeal *in forma pauperis*. (Dkts. 105, 107). For the reasons below, the Court grants Obi's motion to proceed on appeal *in forma pauperis*. (*Id.*)

### BACKGROUND

The Court dismissed Obi's claims without prejudice in its MTD Order. (Dkt. 88). The Court entered judgment that same day. (Dkt. 89). Obi did not seek leave to file an amended complaint; instead, she filed a motion to alter or amend the Court's judgment under Rule 59(e). (Dkt. 90). The Court struck that motion for violating Local Rule 7.1 and sanctioned her $5,000 for violating Rule 11. (Dkt. 97). About one month later, Obi filed her notice of appeal. (Dkt. 100) (appealing Dkts. 88, 97).

### STATEMENT

A party "who desires to appeal in forma pauperis must . . . attach an affidavit that . . . shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay[.]" Fed. R. App. P. 24(a)(1)(A); 28 U.S.C. § 1915(a)(1). Obi's stated income is $31,200 ($1,200 biweekly after mandatory deductions). (Dkt. 105 at 1). Obi's monthly expenses are $1,286 (utilities $156, food $350, transportation $140, work expenses $150, and child support $490). (Dkt. 107 at 2).

1

This means her take home pay per year is $15,768.[1] This is below the 2026 federal poverty line of $15,960 for an individual and $21,640 for a family of two.[2] Obi has shown that she cannot pay the filing fees. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980); *see Burton v. HMS Host*, 2023 WL 12039544, at *1 (N.D. Ill. Aug. 31, 2023); *Smith v. Respiro, LLC*, No. 24 C 11732, Dkt. 48 at 1-2 (N.D. Ill. May 1, 2026).

A party seeking to proceed on appeal *in forma pauperis* must show an entitlement to redress and state the issues that they intend to present on appeal. Fed. R. App. P. 24(a)(1)(B)-(C); 28 U.S.C. § 1915(e)(2). "In cases governed only by section 1915, the district court is required to screen the case before granting the privilege to proceed without prepayment of fees. . . . If it concludes (among other things) that the action or appeal is frivolous or malicious, the court must dismiss the case." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (a court must "deny leave to appeal *in forma pauperis*" when Plaintiff's "claims presented are legally frivolous").

That said, "neither § 1915(a) nor Rule 24(a) permits a court to carve an issue out of a case while granting leave to appeal without prepayment of costs." *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988). "The question for the district court is whether the appeal as a whole—and not the appeal of particular issues—is taken in good faith. If at least one of the arguments that the petitioner seeks to make on appeal is not frivolous, then the appeal is 'taken in good faith' for purposes of 28 U.S.C. § 1915(a)(3) and Rule 24(a)." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3970.1 (5th ed. 2026) (citing *Dixon*, 843 F.2d at 270). "If . . . the applicant . . . presents any issue for the court's consideration not clearly frivolous, leave to proceed in forma pauperis must be allowed." *Coppedge v. United States*, 369 U.S. 438, 446 (1962).

The Court has taken a generous read of Obi's notice of appeal. Even so, she fails to state the issues she seeks to appeal from the Court's Sanctions Order and presents several frivolous positions. (Dkt. 100); *see Washington v. Vasallo*, 2026 WL 44659, at *10 (N.D. Ill. Jan. 6, 2026); Fed. R. App. P. 24(a)(1). The Court addresses each below.

Obi seeks leave to appeal the Court's Sanctions Order. (Dkt. 100 at 1). Yet she fails to present any issues from that Order—she only presents issues from the Court's MTD Order. (*Compare* Dkt. 100 *with* Dkts. 97). Obi also confoundingly asserts that her Rule 59(e) motion to amend (Dkt. 90)—the motion the Court struck in Sanctions Order—"has been pending for more than eighty-five days without [a] ruling." (Dkt. 100 at 4). Obi continues to submit AI hallucinated arguments and cases. On page 7, she asserts that "The district court acknowledged on page 7 that 'a federal court may hear a claim alleging a state court judgment is void for lack of jurisdiction.' It cited Andrade v. Arby Concessions, 88 F.4th 1014 (7th Cir. 2023)." (Dkt. 100 at 7). The entirety of that assertion—the quote, case, and "acknowledgement"—is made up. (*Compare id.* with Dkt. 88). Obi is a repeat offender on this front. She has continually filed briefs generated by AI that are riddled with fabricated cases and arguments. (Dkt. 97 at 3) (ruling that "[t]he severity of Plaintiff's Rule 11 ongoing and repeated violations warrants sanctions"). She also continues to ignore basic orders and court rules (such as page limit and spacing requirements). (*Id.* at 1-2).[3] Obi claims that

---

[1] Obi is also under Court order to pay the $5,000 sanction by September 28, 2026. (Dkt. 99); (Dkt. 107 at 2).

[2] *Federal Poverty level (FPL)*, HEALTHCARE.GOV (https://www.healthcare.gov/glossary/federal-poverty-level-fpl/).

[3] The Court again reminds Obi that she remains bound by Rule 11 even on appeal. Obi, if you continue to submit false cases, statements, or quotes (whether generated by AI or not), you may be subject to even more serious sanctions on top of the $5,000 you are currently ordered to pay.

the Court dismissed one of her positions relying on "a single authority" and "without engagement with binding precedent." (Dkt. 100 at 8). That is false. The Court cites to, relies on, and engages with, multiple binding cases. (*Compare id.* with Dkt. 88 at 6-8). Obi re-raises her frivolous position that "Docket 14 [i]s the Operative Complaint." (Dkt. 100 at 10-11, 4). The Court already explained to Obi in its Sanctions Order that her "operative complaint is Docket 46"; again, the Court has extended "significant leeway" to Obi by accepting her "'Supplemental Complaint' (Dkt. 50) along with her operative complaint (Dkt. 46)." (Dkt. 97 at 3) (citing Dkt. 88 at 10) (considering and dismissing both Dkts. 46 and 50).

Against this backdrop, Obi's appeal suffers from many issues. Viewed as a whole, however, the Court cannot conclude that it was filed in bad faith. Obi filed a 15-page single-spaced notice of appeal that identifies the orders Obi is appealing from, provided a statement of six issues for review on appeal, and presented legal argument on each issue. (Dkt. 100). True that there are several frivolous positions in Obi's filing. It is also concerning that Obi continues to improperly rely on AI, submit fabricated law and facts, and ignore basic Court rules. All considered, Obi has nevertheless carried her low burden; the Court finds that arguments I, II, IV-VI are not frivolous nor brought in bad faith. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) ("to determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit"); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit"). Because Obi has presented "any issue for the court's consideration not clearly frivolous, leave to proceed in forma pauperis must be allowed." *Coppedge*, 369 U.S. at 446; *Dixon*, 843 F.2d at 270; *see also Knox v. Butler*, 2021 WL 50489, at *2 (S.D. Ill. Jan. 6, 2021) ("[A]lthough some of the issues raised in Plaintiff's second Notice of Appeal may qualify as frivolous, the Court cannot certify that the appeal as a whole is not taken in good faith. As such, Plaintiff will be permitted to proceed IFP."); *Knowlin v. Raemisch*, 2009 WL 1259026, at *2 (W.D. Wis. May 5, 2009) ("Although I would normally certify this portion of the appeal, standing alone, as not taken in good faith, the Court of Appeals for the Seventh Circuit instructs that the power to deny leave to proceed *in forma pauperis* if the court certifies that the appeal is not taken in good faith deals with the case as a whole rather than individual issues.").

## CONCLUSION

For these reasons, the Court grants Obi's motion. (Dkts 105, 107). *See Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995).

_____
Virginia M. Kendall
United States District Judge

Date: June 10, 2026

3