**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IFEOMA DELLIANE CHINEDU OBI, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 25 C 3096 |
| COOK COUNTY, ILLINOIS; MICHAEL IAN BENDER; CAESAR & BENDER, LLP; LEVING LAW GROUP; ERIC HARTIG; LESLIE POOLE; COOK COUNTY COURT – CIRCUIT COURT 2; JUDGE MATTHEW LINKS; JUDGE ZELLER, and ASSOCIATED PARTIES | ) | Chief Judge Virginia M. Kendall |
| *Defendants*. | ) | |

**ORDER**

On April 9, 2026, the Court sanctioned Plaintiff for violating Federal Rule of Civil Procedure 11 and ordered Plaintiff to pay $5,000 within two weeks of the date of the Order. (Dkt. 97). On April 30, 2026, the Court granted Plaintiff's motion for extension of time to satisfy the sanction payment. (Dkt. 99). The Court granted Plaintiff an extension to pay until September 28, 2026. (*Id.*) On September 21, 2026, Plaintiff filed a Motion To Reduce Monetary Sanction Based On Financial Hardship Or, In The Alternative, For An Extension Of Time To Pay. (Dkt. 111). Plaintiff asserts that she has dutifully worked toward complying with the Court's Order, has saved $2,000 toward payment, but needs more time to comply given ongoing financial hardship. (*Id.*) Plaintiff requests that the Court either reduce the sanction to $2,000 and permit Plaintiff to promptly pay $2,000 in full satisfaction of the sanction. (*Id.* at 3). Alternatively, Plaintiff seeks another extension to comply with the Court's April 9 Order, this time giving her until March 28, 2027, to comply. (*Id.*)

"[T]he district court enjoys broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). This "significant discretion" is "subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person(s)." *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998). The Court grants Plaintiff's Motion in part. (Dkt. 111). The Court reminds Plaintiff that her violations were severe. (*See* Dkt. 97). The Court finds, however, that Plaintiff's diligent efforts to comply and her demonstrated financial hardship warrant reduction of the sanction. *See Fries*, 146 F.3d at 459. This finding is bolstered by the fact that the case has been terminated and Plaintiff's conduct since the April 9 Order has been in accordance with the Federal Rules.

The Court therefore modifies the April 9 Order as follows: Plaintiff shall pay $2,500 by March 28, 2027. The Court will not grant Plaintiff another extension nor will it further reduce the sanction amount.

Virginia M. Kendall
United States District Judge

Date: October 2, 2026